**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700  973/645-2700
Newark, NJ 07102

sar/special pros./NONCOOP.PLG
2003R00322

August 18, 2004

Alfred C. DeCotiis, Esq.
DeCotiis, FitzPatrick, Cole & Wisler, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666

**RECEIVED**
AUG 1 8 2004
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

Benjamin Brafman, Esq.
Brafman & Ross, P.C.
767 Third Avenue, 26th Floor
New York, New York 10017

Re: <u>Plea Agreement with Charles Kushner</u>
Ce. 04-580 (JLL)

Dear Messrs. DeCotiis and Brafman:

This letter sets forth the full and complete agreement between your client, Charles Kushner, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Charles Kushner to all counts in an eighteen-count information which charges: (counts one to sixteen) assisting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2); (count seventeen) witness retaliation, in violation of 18 U.S.C. §§ 1513(e) and 2; and (count eighteen) making false statements to the Federal Election Commission, in violation of 18 U.S.C. §§ 1001 and 2. If Charles Kushner enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Charles Kushner for (a) his participation in a scheme to assist in the preparation of false partnership tax returns from in or about 1998 to in or about 2001; (b) his efforts to retaliate against a government witness, obstruct a federal investigation and promote an act of interstate prostitution, from in or about August 2003 to on or about May 13, 2004, as charged in Criminal Complaint, Mag. No. 04-6120 (RJH);

(c) his role in submitting false statements to the Federal Election Commission from in or about 1998 to in or about 2002; and (d) conduct presently known to this Office for the time period from in or about 1998 to on or about the date of this agreement related to his (i) dealings with financial institutions and (ii) tax filings with the Internal Revenue Service. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Charles Kushner may be commenced against him, notwithstanding the expiration of the limitations period after Charles Kushner signs the agreement. Charles Kushner agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Charles Kushner signs the agreement.

Sentencing

The violations of 26 U.S.C. § 7206(2), contained in counts one to sixteen, to which Charles Kushner agrees to plead guilty, each carry a statutory maximum prison sentence of 3 years and a statutory maximum fine of $100,000, together with the costs of prosecution.

The violation of 18 U.S.C. § 1513(e), contained in count seventeen, to which Charles Kushner agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1001, contained in count eighteen, to which Charles Kushner agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Charles Kushner is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-

3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Charles Kushner, or as to what sentence Charles Kushner ultimately will receive.

Further, in addition to imposing any other penalty on Charles Kushner, the sentencing judge: (1) will order Charles Kushner to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Charles Kushner to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Charles Kushner, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Charles Kushner, on counts one through sixteen, to serve a term of supervised release of one year on each count, and on counts seventeen and eighteen, a term of supervised release of at least 2 years and up to 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Charles Kushner be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Charles Kushner may be sentenced to not more than 1 years' imprisonment on count one to sixteen, and not more than 2 years' imprisonment on counts seventeen and eighteen, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Charles Kushner by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States

Probation Office of:  (1) this agreement; and (2) the full nature and extent of Charles Kushner's activities and relevant conduct with respect to this case.

Stipulations

This Office and Charles Kushner agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Charles Kushner from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Charles Kushner waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind

- 4 -

other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Charles Kushner. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Charles Kushner.

Prior to the conclusion of, and as a condition of, any period of supervised release imposed upon the defendant, Charles Kushner shall: (1) file accurate amended personal and partnership returns for calendar years 1998, 1999, 2000, 2001, 2002, and 2003; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Charles Kushner agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Charles Kushner. With respect to disclosure of the criminal file to the Internal Revenue Service, Charles Kushner waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Charles Kushner's tax returns and return information.

This agreement constitutes the full and complete agreement between Charles Kushner and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

This agreement is subject to the approval of the United States Department of Justice, Tax Division.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: SCOTT A. RESNIK
Assistant U.S. Attorney

- 5 -

APPROVED:

_____
RALPH J. MARRA, JR.
First Assistant U.S. Attorney

      I have received this letter from my attorneys, Alfred C. DeCotiis, Esq., and Benjamin Brafman, Esq., I have read it and I understand it fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties.  There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____        Date: August 18, 2004
Charles Kushner


_____        Date: August 18'04
Alfred C. DeCotiis, Esq.


_____        Date: August 18, 04
Benjamin Brafman, Esq.


- 6 -

<u>Plea Agreement With Charles Kushner</u>

<u>Schedule A</u>

This Office and Charles Kushner agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement. All references below are to the United States Sentencing Guidelines in effect on November 1, 2000.

1. Charles Kushner agrees to be sentenced pursuant to the United States Sentencing Guidelines in accordance with the stipulations below.

<u>Counts One to Sixteen</u>

2. The applicable guidelines are §§ 2T1.4 and 2T4.1. Since the offense involved a tax loss of more than $200,000 but less than $325,000, the Base Offense Level is 16. <u>See</u> <u>U.S.S.G.</u> § 2T4.1(K).

<u>Count Seventeen</u>

3. The applicable guidelines are §§ 2J1.2 and 2X3.1. <u>See</u> <u>U.S.S.G.</u> § 2J1.2(c)(1). This results in a Base Offense Level of 12. <u>See</u> <u>U.S.S.G.</u> § 2J1.2(a).

<u>Count Eighteen</u>

4. The applicable guideline is § 2F1.1. This results in a Base Offense Level of 6. <u>See</u> <u>U.S.S.G.</u> § 2F1.1(a).

<u>Grouping Analysis</u>

5. Pursuant to § 3D1.2 and § 3C1.1, application note 8, Counts One to Seventeen "group."

6. The Offense Level for the "group" containing Counts One to Seventeen is increased by 2 levels pursuant to § 3C1.1, § 3C1.1, application note 8, and § 3D1.3, since the defendant committed both the retaliation offense and the underlying offenses. This results in an Offense Level for the "group" containing Counts One to Seventeen of 18.

7. Pursuant to § 3D1.4(a), the "group" containing Counts One to Seventeen are afforded "one unit."

8. Pursuant to § 3D1.4(c), the "group" containing Count Eighteen is disregarded since it is over 9 levels less serious than the "group" with the highest offense level.

  9.   The combined Offense Level for all counts is 18.

Acceptance of Responsibility

  10.   As of the date of this letter, Charles Kushner has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Charles Kushner's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

  11.   As of the date of this letter, Charles Kushner has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources efficiently. If the offense level is 16 or greater, Charles Kushner is entitled to an additional decrease of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless defendant Charles Kushner indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

Total Offense Level

  12.   In accordance with the above, the applicable guidelines total offense level is 15. If the defendant has a Criminal History Category of I, this corresponds to a sentencing range of 18 to 24 months imprisonment.

  13.   The parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein.

  14.   The parties agree that by consenting to the above stipulations, it is as if the facts found pursuant to these stipulations had been charged in an indictment and found by a jury to be proven beyond a reasonable doubt.

Waiver of Appeal

  15.   Charles Kushner knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which (a) challenges the sentencing court's authority to sentence under the Sentencing Guidelines in accordance with the stipulations above, (b) claims that the facts found pursuant to these stipulations must be charged in the indictment, submitted to a

jury, or proven beyond a reasonable doubt, or (c) challenges the sentencing court's determination or imposition of the offense level if the total offense level determined by the court is equal to or less than 15. The United States will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 15. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.